**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| MATTHEW BUXTON, | * | APR 17 2026 |
| | * | |
| Plaintiff, | * | |
| | * | **FILED** |
| v. | * | CV 126-005 |
| | * | |
| GRAMMER LOGISTICS, INC., et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

Presently pending before the Court are Defendant Nutrien AG Solutions, Inc.'s motion to dismiss (Doc. 7); Defendant Austin Industrial Specialty Services, Inc.'s two motions to dismiss (Docs. 18, 29); Defendant Grammer Logistics, Inc.'s motion to dismiss (Doc. 31); and a joint stipulation of dismissal without prejudice (Doc. 42). For the following reasons, Defendant Grammer's motion to dismiss and the joint stipulation are **GRANTED.**[1]

## I. BACKGROUND

Plaintiff originally brought this action in the State Court of Richmond County, Georgia on November 18, 2025. (Doc. 1-2, at 2.) Defendant Nutrien removed the case on January 7, 2026. (Doc.

_____

[1] The joint stipulation of dismissal seeks to dismiss all claims against Defendants Nutrien and Austin without prejudice. (Doc. 42, at 1.) Because the stipulation is granted, Defendants Nutrien and Austin's pending motions to dismiss (Docs. 7, 18, 29) are **DENIED AS MOOT.**

1, at 1.)  Plaintiff alleges that on or about November 19, 2023, he was employed by Defendant Austin and working at a facility owned and operated by Defendant Nutrien.  (Doc. 1-2, at 5.)  He was instructed by Defendant John Doe to unload a tanker truck owned and operated by Defendant Grammer that contained a nitrate acid chemical product.  (Id.)  While Plaintiff was connecting a transfer hose to the truck, the nitrate acid product suddenly discharged, spraying onto Plaintiff's face and upper body.  (Id.)  Plaintiff alleges that "[a]s a result of the uncontrolled release of chemical product, Plaintiff sustained severe chemical burns and other significant injuries."  (Id. at 6.)

Plaintiff's complaint brings claims for negligence, premises liability, negligent undertaking and supervision, negligent entrustment, negligent maintenance, failure to warn, negligent instruction and supervision, and vicarious liability.  (Doc. 1-2, at 6-16.)  Plaintiff also seeks multiple types of damages, including general, special, compensatory, incidental, punitive, and consequential damages, as well as attorney's fees and costs. (Id. at 17-19.)  On March 2, 2026, Defendant Grammer filed a motion to dismiss all of Plaintiff's claims against it.  (Doc. 31.) Plaintiff responded on March 16, 2026, and Defendant Grammer replied on March 30, 2026.  (Docs. 36, 41.)  On April 8, 2026, the Parties filed a joint stipulation of dismissal of all claims

2

against Defendants Nutrien and Austin.    (Doc. 42.)    The pending motions are now ripe for the Court's review.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), *overruled on other grounds by* <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).    Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted).    Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the – defendant – unlawfully – harmed – me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (citation omitted).    "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557).    The Court need not accept the pleading's legal conclusions as true, only its well-

pleaded facts.  Id. at 677-80.  Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

## III. DISCUSSION

The Court considers the joint stipulation of dismissal and Defendant Grammer's motion to dismiss below.

### A. Stipulation of Dismissal

The Parties jointly move for dismissal of all claims against Defendants Nutrien and Austin without prejudice.  (Doc. 42.)  "Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*."  City of Jacksonville v. Jacksonville Hosp. Holdings, L.P., 82 F.4th 1031, 1036 (11th Cir. 2023) (citations omitted).   The stipulation has been signed by all Parties; therefore, the Court finds the dismissal of Defendants Nutrien and Austin is appropriate under Rule 41(a)(1)(A)(ii).  Thus, the joint stipulation (Doc. 42) is **GRANTED.**

### B. Motion to Dismiss

Defendant Grammer argues Plaintiff's claims are time-barred because the statute of limitations expired on November 19, 2025.  (Doc. 31-1, at 1.)  Defendant Grammer argues that under Georgia

4

law, the two-year statute of limitations for personal injury actions applies, and Plaintiff must perfect service within a reasonable time after the complaint is filed. (Id. at 4-5.) Further, Defendant Grammer asserts that the record shows Plaintiff has made no attempts to serve it; thus, Plaintiff cannot show he has exercised diligence in attempting to perfect service. (Id. at 6.)

Plaintiff argues that timely filing the complaint tolls the statute of limitations when the plaintiff shows he acted diligently to properly serve the defendants; however, the diligence analysis "requires inquiry into specific dates, details, and circumstances of Plaintiff's service efforts," which are not included in the complaint. (Doc. 36, at 3.) As a result, "Plaintiff's service efforts raise a factual question that cannot be resolved on a Rule 12(b)(6) motion," and "[b]ecause diligence is not apparent from the face of the complaint, dismissal is improper." (Id.)

The Eleventh Circuit Court of Appeals has summarized the law applicable to this case:

> Under Georgia law, "[i]f the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." Giles v. State Farm Mut. Ins., 765 S.E.2d 413, 416 (Ga. Ct. App. 2014) (quotation omitted). Georgia's service-of-process law directs the person making service to serve the defendant within five days of receiving the summons and complaint. O.C.G.A. § 9-11-4(c). If service is perfected within this five-

5

> day window, then it relates back to the date the complaint was filed. Giles, 765 S.E.2d at 417.
>
> But even if service is made after the statute of limitations and § 9-11-4(c)'s five-day harbor provision have expired, service can nonetheless relate back to the filing of the complaint to avoid the statute of limitations if the plaintiff exercised diligence in perfecting service. See Ga. Farm Bureau Mut. Ins. v. Kilgore, 462 S.E.2d 713, 715 (1995); Van Omen v. Lopresti, 849 S.E.2d 758, 761 (2020). And if "the defendant asserts insufficiency of service after the statute of limitations expires, service can still be timely perfected and relate back to the time of filing, provided that the plaintiff acts with 'the greatest possible diligence to serve the defendant from that point forward.'" Arias v. Cameron, 776 F.3d 1262, 1269 (11th Cir. 2015) (quoting Moody v. Gilliam, 637 S.E.2d 759, 761 (2006)). "Where service occurs after the statute of limitation has run, plaintiffs bear the additional burden of showing the exercise of due diligence in serving the defendants." Robinson v. Boyd, 701 S.E.2d 165, 168 (2010).

Wilson v. Hearos, LLC, 128 F.4th 1254, 1262-63 (11th Cir. 2025). Because it is a plaintiff's burden to ensure diligent service, "[the plaintiff] must provide specific dates or details to show diligence and cannot rely on conclusory statements." Zeigler v. Hambrick, 571 S.E.2d 418, 420 (Ga. Ct. App. 2002), overruled on other grounds by Giles, 765 S.E.2d 413.

Defendant Grammer argues, and Plaintiff does not dispute, that the statute of limitations for Plaintiff's claims against it expired on November 19, 2025. (Doc. 31-1, at 1; see Doc. 36.) In response to Defendant Grammer's motion, Plaintiff does not provide any details regarding his efforts to serve Defendant Grammer around the time the complaint was filed or after Defendant Grammer raised

the service issue in its motion. (Doc. 36, at 1-3.) Instead, Plaintiff states the issue is factual, the relevant information is not included in his complaint, and the question of his service efforts should not be resolved on a Rule 12(b)(6) motion. (Id. at 3.) However, it matters only how Plaintiff attempted to serve Defendant Grammer after filing the complaint. Once Defendant Grammer argued insufficiency of service after the statute of limitations expired, Plaintiff was required to act with "the greatest possible diligence to serve the defendant from that point forward," to perfect service in order for it to relate back to the date the complaint was filed. Arias, 776 F.3d at 1269 (citation omitted). Defendant Grammer's motion to dismiss and answers to Plaintiff's original and amended complaints were filed on March 2, 2026. (Docs. 31, 32, 33.) As of the date of this Order, there is still no indication in the record that Plaintiff ever attempted to serve Defendant Grammer even after being notified of the lack of service in Defendant Grammer's motion and answers.

Plaintiff's actions do not show diligence or reasonableness especially under the higher diligence standard that became required once Defendant Grammer addressed the lack of service. Arias, 776 F.3d at 1269; (Doc. 31-1, at 6.) Courts in this Circuit have previously dismissed claims as barred by the statute of limitations even when the plaintiff provided evidence of attempts to serve a defendant or ultimately did perfect service after

7

receiving notice. See, e.g., Abdul-Khaaliq v. Office Depot, Inc., No. 122-cv-03529, 2023 WL 10476024, at *3-4 (N.D. Ga. Apr. 25, 2023) (finding "that a delay in perfecting service of more than 4 months after the expiration of the statute of limitations and 63 days after [p]laintiff had notice that [d]efendant claimed it had not been served is not sufficient diligence in perfecting service," and as a result, the plaintiff's untimely service did not relate back to the filing of the complaint such that dismissal was proper.) Further, the Eleventh Circuit Court of Appeals has upheld dismissal where the plaintiff did not meet the diligence standard. See Vento v. Patel, No. 23-11392, 2024 WL 775142, at *4-5 (11th Cir. Feb. 26, 2024) (concluding "that the district court did not abuse its discretion in finding that [plaintiff] failed to timely serve," and plaintiff "showed the district court little evidence of diligence at all," such that the district court "did not abuse its discretion in dismissing [plaintiff's] complaint for failure to serve [defendants].").

Here, Plaintiff provides no evidence of attempts to serve Defendant Grammer or any explanation as to why service was not perfected after his initial complaint was filed in November 2025. (Doc. 1-2, at 2.) Further, Plaintiff was notified of the lack of service over one month ago and he still has not acted at all, let alone diligently, to serve Defendant Grammer. As a result, there is no proof of service that could relate back to the filing of the

8

complaint; thus, Plaintiff's claims against Defendant Grammer are barred by the statute of limitations. Therefore, Defendant Grammer's motion to dismiss is **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant Nutrien's motion to dismiss (Doc. 7) and Defendant Austin's first (Doc. 18) and second (Doc. 29) motions to dismiss are **DENIED AS MOOT**. Defendant Grammer's motion to dismiss (Doc. 31) and the Parties' joint stipulation (Doc. 42) are **GRANTED**.

**IT IS THEREFORE ORDERED** that all claims against Defendants Nutrien AG Solutions, Inc. and Austin Industrial Specialty Services, Inc. are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** Nutrien AG Solutions, Inc., Austin Industrial Specialty Services, Inc., and Grammer Logistics, Inc. as Parties to this action. Each Party shall bear its own costs and fees unless otherwise agreed. This action shall remain pending in all respects as to the remaining Defendants.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of April, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

9