IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
OCT 30 2026
FILED

| | | |
|---|---|---|
| MATTHEW BUXTON,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE; GARY DOE; and PCS NITROGEN FERTILIZER, LP,<br><br>Defendants. | * * * * * * * * * * | CV 126-005 |

**O R D E R**

This matter is before the Court on multiple discovery issues. Defendant PCS Nitrogen Fertilizer, LP ("PCS") has filed a Motion for an Extension of Time to Respond to Plaintiff's Written Discovery Requests (doc. 46), a Motion to Enter Confidentiality Order and ESI Protocol (doc. 47), a Motion to Compel Interrogatory Responses and Document Production from Plaintiff (doc. 48), and a Motion to Withdraw Its Motion to Enter Confidentiality Order and ESI Protocol (doc. 51). For following reasons, the Court **GRANTS** PCS's motion to withdraw (doc. 51), and **DIRECTS** the **CLERK** to **TERMINATE** the Motion to Enter a Confidentiality Order and ESI Protocol (doc. 47). Further, the Court **DENIES as MOOT** PCS's motion for an extension. (Doc. 46.) Lastly, the Court **DENIES** PCS's motion to compel **without prejudice** (doc. 48.), and **ORDERS** the parties to confer and submit a status report regarding any

remaining discovery disputes and any further need for extensions within fourteen days from the date of this Order.

## I. BACKGROUND

Plaintiff alleges he was injured by an unexpected chemical discharge while working at PCS's facility in November of 2023 (the "Incident"). (Doc 24, at 4-5.) He claims he was severely burned and injured. (Id. at 5.) Fact discovery is scheduled to close on November 30, 2026. (Doc. 43.)

On March 16, 2026, the parties discussed a proposed confidentiality order and ESI protocol. (Doc. 39, ¶¶ 9, 10.) PCS was concerned about disclosing information without a confidentiality order and an ESI protocol in place, so it sent Plaintiff's counsel a proposed version of those documents on March 25, 2026. (Doc. 46, at 2.) PCS states it unsuccessfully attempted to confer with Plaintiff about the proposed confidentiality order and ESI protocol at least ten times via email and phone from March through September of 2026, but it received no "substantive response" from Plaintiff. (Id.; see doc. 54, at 2, 4.)

Separately, PCS served interrogatories and requests for production on Plaintiff in March of 2026, and Plaintiff served his responses in April. (Doc. 48, at 2; see docs 48-1, 48-2.) In some of his responses, Plaintiff stated he was searching for information and would supplement his response, or he reserved the right to supplement his response. (See doc. 48, at 4-7; docs 48-

1, 48-2.) PCS contends that Plaintiff has not supplemented, and that Plaintiff's responses remain incomplete. (Doc. 48, at 2.) On September 16, 2026, PCS sent a letter to Plaintiff's counsel that demanded Plaintiff produce complete responses to selected interrogatories and requests for production. (Id. at 3; see doc. 48-3.) Plaintiff did not respond. (Doc. 48, at 3.)

PCS filed two motions the next day, September 17th, asking the Court to enter a proposed confidentiality order and ESI protocol and to extend PCS's deadline to respond to Plaintiff's discovery requests. (Doc. 46, at 3; doc. 47, at 3.) However, on September 25th, the parties reached an accord regarding a confidentiality order and ESI protocol. (Docs. 49, 50.) As a result, PCS moved to withdraw its motion asking the Court to enter the proposed confidentiality order and ESI protocol. (Doc. 51.)

Also on September 25th, PCS filed a motion to compel complete responses to the discovery requests it identified in its September 16th letter. (Doc. 48; see doc. 48-3.) Plaintiff responded, arguing the Court should deny PCS's motion to compel because PCS did not "make a meaningful, good-faith effort to resolve the discovery dispute before seeking judicial intervention." (Doc. 52, at 2.) In reply, PCS asserts that the letter it sent on September 16th was a good faith attempt to confer. (Doc. 54, at 3-5.)

## II. DISCUSSION

The Court begins with PCS's motion to compel. Local Rule 26.5, which governed at the time PCS filed its motion,[1] stated in relevant part: "Fed. R. Civ. P. 26(c) and 37(a)(1) require a party . . . moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court." This duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and former Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (*per curiam*) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion).

Here, PCS argues its September 16th letter to Plaintiff was, in itself, a good faith attempt to confer when considered in context of Plaintiff's unresponsiveness to PCS's communications

[1] PCS filed its motion on September 25th, and the new Local Rules became effective on October 7, 2026. (Doc. 48); LR Gen. 1A.

about a protective order. However, "[t]he sending of one letter to the opposition simply cannot serve as the basis for good faith efforts under the Federal Rules of Civil Procedure or this Court's Local Rules." Knight v. Beall's Outlet Stores, Inc., No. 2:15-CV-166, 2016 WL 4480103, at *2 (S.D. Ga. Aug. 23, 2016) (applying former Local Rule 26.5 and collecting cases). Moreover, PCS's letter does not constitute a good-faith attempt to confer because, rather than request that Plaintiff confer with PCS regarding the disputed discovery, it "simply demand[ed] that [Plaintiff] accede to every demand for information." Whitesell Corp. v. Electrolux Home Prods. Inc., No. CV 103-050, 2015 WL 5316591, at *5 (S.D. Ga. Sept. 10, 2015); (see doc. 48-3.) Therefore, the letter PCS sent Plaintiff on September 16th - the only communication PCS claims to have had with Plaintiff about the disputed discovery before filing its motion to compel - was not a good-faith attempt to confer. (See doc. 54, at 2.) Thus, the Court **DENIES** PCS's motion to compel **without prejudice** for failing to follow former Local Rule 26.5. (Doc. 48.)

Because little time remains before the currently scheduled close of fact discovery on November 30th (doc. 43.), the Court also **ORDERS** the parties to confer and submit a joint status report within fourteen days from the date of this Order regarding any remaining discovery disputes and any further need for extensions. If any discovery disputes remain, the parties may also include in

the status report a request for an informal discovery dispute resolution conference with the Court.[2]

As to PCS's remaining motions, since the parties conferred and jointly filed stipulations regarding a confidentiality order and ESI protocol, the Court **GRANTS** PCS's motion to withdraw its previous motion asking the Court to enter orders about those documents (doc. 51), and the Court **DIRECTS** the **CLERK** to **TERMINATE** the Motion to Enter a Confidentiality Order and ESI Protocol (doc. 47). Additionally, PCS's motion for an extension of time to respond to Plaintiff's discovery requests asked the Court to extend the response deadline until the later of October 2, 2026, or the day the Court entered a protective order. (Doc. 46, at 3.) October 2 has passed, and the parties have now stipulated to a protective order. As a result, PCS's motion for an extension is **DENIED as MOOT**. (Doc. 46.)

## III. CONCLUSION

In sum, the Court **GRANTS** PCS's motion to withdraw (doc. 51), and **DIRECTS** the **CLERK** to **TERMINATE** the Motion to Enter a Confidentiality Order and ESI Protocol (doc. 47). Further, the Court **DENIES as MOOT** PCS's motion for an extension. (Doc. 46.) Lastly, the Court **DENIES** PCS's motion to compel **without prejudice** (doc. 48.), and **ORDERS** the parties to confer and submit a status

---

[2] LR Civ. 26(d) requires a party to request an informal discovery dispute resolution with the Court before filing any motion to compel.

report regarding any remaining discovery disputes and any further need for extensions within fourteen days from the date of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA